# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| TAMICA SHAW, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 10-03355-CV-W-DGK |
| | ) | |
| v. | ) | |
| | ) | |
| THE PRUDENTIAL INSURANCE | ) | |
| COMPANY OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Pending before the Court are the Plaintiff's fully-briefed Motion to remand and the Defendant's Motion to amend its Notice of Removal. Docs. 10, 17, 23, 29-30, 32, 34. Also pending are the Plaintiff's fully-briefed Motions to strike the Defendant's defenses and its response in opposition to remand. Docs. 8, 14, 20, 22, 25, 31. Finally, also pending is the Defendant's fully-briefed Motion to strike the Plaintiff's Reply. Docs. 15-16, 21, 24. The Court issues the following orders.

1) The Plaintiff's Motion to remand is DENIED.

2) The Plaintiff's Motion to strike the Defendant's response opposing remand and the Defendant's Motion to amend its Notice of Removal are DENIED AS MOOT.

3) The Plaintiff's Motion to strike the Defendant's defenses is GRANTED IN PART AND DENIED IN PART. The Defendant may amend its stricken defenses by April 4, 2011, if it so chooses.

4) The Defendant's Motion to strike the Plaintiff's Reply is DENIED and the Reply is deemed properly filed. If the Defendant amends its defenses and the Plaintiff wishes to

amend her Reply, she may do so within 14 days of the filing of the Defendant's amendment.

## Background

Charles Shaw, the Plaintiff's late husband, was killed in a car accident in Springfield, Missouri on March 4, 2006. The Plaintiff made a claim against his accidental death and dismemberment insurance ("AD&D") through the Defendant, and was ultimately denied after various administrative appeals. On July 27, 2010, the Plaintiff filed suit against the Defendant in the Circuit Court of Greene County, Missouri, alleging breach of her husband's AD&D policy. Doc. 1-1. The Defendant removed the action to this Court on September 2, 2010, alleging ERISA pre-emption, federal question jurisdiction and diversity jurisdiction. Doc. 1. The Plaintiff seeks damages of at least $655,000—the base policy amount of $600,000, two $25,000 seat belt and air bag endorsements, and $5,000 in child care coverage under the policy. The petition does not clearly state why the Defendant denied the Plaintiff's claim, but based on the Defendant's filings, its position is apparently that the late Mr. Shaw was driving while intoxicated at the time of his death and therefore ineligible for AD&D coverage.

## Standard

Title 28, section 1441(a) of the United States Code allows defendants to remove a state court lawsuit over which the district court had original jurisdiction. The Defendant claims diversity of citizenship jurisdiction, federal question jurisdiction and ERISA pre-emption. Diversity of citizenship jurisdiction exists when there is complete diversity between the parties—meaning no plaintiff is a citizen of the same state as any defendant—and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332, *Lincoln Property Co. v. Roche,* 546 U.S. 81, 84 (2005). Federal question jurisdiction exists when a claim "aris[es] under the Constitution, laws,

or treaties of the United States." 28 U.S.C. § 1331. *See also Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308, 312 (2005) (noting that this includes federal causes of action and state law claims that "turn on substantial questions of federal law"). Finally, federal jurisdiction is available in certain areas where federal law has pre-empted state law, such as the Employee Retirement Income Security Act ("ERISA"). *See Egelhoff v. Egelhoff,* 532 U.S. 141, 146 (2001) (citing ERISA's preemption section which "states that ERISA 'shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan'").

## Discussion

### A. The Defendant Properly Invoked Its Right To Remove This Case On The Basis Of Federal Question Jurisdiction

The petition states that "Tamica is entitled to *file this lawsuit under the Employee Retirement Income Security Act (ERISA)* and may recover the benefits under the subject Prudential group policy and reasonable attorney fees." Doc. 1-1 at 7 (emphasis added). It goes on to say that "Prudential is liable for Tamica in the amount of up to $100 per day from the date of [its] failure or refusal [to comply with the Plaintiff's requests for information] *under ERISA.*" *Id.* (emphasis added). These portions of the petition request ERISA remedies and state that the lawsuit is being filed "under ERISA." The Defendant cited the former portion of the petition in its initial Notice of Removal. Doc. 1 at 2. This plainly states a federal cause of action. The burden is on the party seeking to invoke federal jurisdiction. *Central Iowa Power Co-op v. Midwest Ind. Transmission System Operator, Inc.,* 561 F.3d 904, 919 (8th Cir. 2009). The Defendant's initial Notice carried that burden. Removal is proper on traditional federal question grounds without even considering diversity of citizenship[1] or ERISA pre-emption. The

---

[1] The Plaintiff argues that the Defendant's refusal to submit to jurisdiction in Missouri on the basis of diversity is grounds for the Commissioner of Insurance to revoke its certificate. Mo. Rev. Stat. § 375.881(5). This is an

Plaintiff's Motion to Remand is DENIED, and the Motion to strike Defendant's response and Defendant's Motion to amend its Notice of Removal are DENIED AS MOOT.

**B. Some Of The Defendant's "Affirmative Defenses" Are Inadequately Pled Under *Iqbal***

The Plaintiff has moved to strike the Defendant's affirmative defenses. The Court notes that many of these are not actually defenses. For example, the Defendant's "Seventh Defense" states, in its entirety "Plaintiff's state law causes of action are preempted by ERISA." Doc. 6 at 7. This is not a defense, but an argument for federal jurisdiction. Furthermore, the Defendant's "Eighth Defense" is that "Plaintiff is not entitled to a jury trial because jury trials are not available for claims arising under ERISA." The Court notes that this case is currently set for a jury trial commencing on December 5, 2011. Doc. 19 at 4. Finally, the Defendant has denominated its responses to the Plaintiff's pleading as its "First Defense." While this is not the usual format, the Court sees no reason to strike this designation. Accordingly, the Plaintiff's Motion to strike the Defendant's first, seventh and eighth defenses is DENIED.

The Defendant's remaining defenses implicate the pleading guidelines described in *Ashcroft v. Iqbal*. 129 S. Ct. 1937 (2009). *Iqbal* represented a sea change in pleading standards in federal court. While Rule 8 still contemplates a notice pleading system—rather than fact pleading—*Iqbal* requires plaintiffs state "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 1949 (internal quotations omitted). While this does not mean that plaintiffs must show at the outset that they can meet a probability standard, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* *Iqbal* does not answer the question of whether this pleading standard extends to affirmative defenses, nor has the Court been able to find any clear statement on this issue from any Court of

---

administrative matter between the Defendant and the State of Missouri that is entirely irrelevant to determining the propriety of remand.

Appeals. However, the majority of district courts that have considered this question have determined that it makes sense to apply the *Iqbal* standards to affirmative defenses. *See, e.g., Hayne v. Green Ford Sales, Inc.,* 263 F.R.D. 647, 650 (D. Kan. Dec. 22, 2009) (noting that because the issue is "notice to the opposing party" there is no good reason "to find that a heightened pleading standard applies to claims but not to affirmative defenses"). Courts that have dissented from the majority view have noted that affirmative defenses are pled under Rule 8(c), which was not at issue in *Iqbal*, and that plaintiffs have an indefinite amount of time of draft their complaints, whereas an answer must be filed within 21 days. *See, e.g., Lane v. Page,* -- F. Supp. 2d --, 2011 WL 693176 at *7-8 (D. N.M. Jan 14, 2011). The Court finds the majority view more persuasive, and therefore must consider whether the defenses at issue comply with *Iqbal*. The Court finds that the second, third, fifth and sixth defenses are inadequate under *Iqbal* because they provide no more than a boilerplate restatement of the defense. For example, saying that the Plaintiff's claims are barred by "the applicable statute of limitations" provides no "factual matter" that would allow the Plaintiff to respond to this defense. The Defendant's fourth defense states that it is entitled to deference in its factual findings and in its eligibility determinations. While it is not clear to the Court that this is an "affirmative defense" that must be pled in an answer, the Court finds that it has been sufficiently pled. The Plaintiff's Motion is GRANTED as to the Defendant's second, third, fifth and sixth defenses and DENIED as to its fourth defense. The Defendant may amend these defenses to comply with *Iqbal* on or before April 4, 2011, if it so chooses.

### C. The Plaintiff's Reply Is Deemed Properly Filed

The Plaintiff's Reply is deemed properly filed. If the Defendant chooses to amend its Answer to replead any defenses, the Plaintiff may file an amended Reply within 14 days

thereafter.  Otherwise, the deadlines in the Scheduling Order of October 21, 2010 remain in full force and effect.  The Defendant's Motion to strike is DENIED.

**Conclusion**

The Plaintiff's petition plainly states a cause of action arising under federal law, and the Defendant carried its burden to prove federal jurisdiction by noting this in its initial Notice of Removal.  The Plaintiff urges that this matter is better heard in state court.  The presence of arguably concurrent jurisdiction is not a basis for remand.  *See Williams v. Ragnone,* 147 F.3d 700, 703 (8th Cir. 1997) (finding an abuse of discretion in remanding a federal cause of action on the basis of concurrent jurisdiction).  Accordingly, the Plaintiff's Motion to remand is DENIED, and the Plaintiff's Motion to strike the Defendant's response opposing remand and the Defendant's Motion to amend its Notice of Removal are DENIED AS MOOT.  The Plaintiff's Motion to strike defenses is GRANTED IN PART AND DENIED IN PART and the Defendant's Motion to strike the Plaintiff's Reply is DENIED.  The Defendant may amend its answer by April 4, 2011 and the Plaintiff may reply within 14 days thereafter.

**IT IS SO ORDERED**

Dated: March 21, 2011    /s/ Greg Kays
GREG KAYS,
UNITED STATES DISTRICT JUDGE