IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| TAMICA SHAW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10-CV-3355-DGK |
| | ) | |
| THE PRUDENTIAL INSURANCE | ) | |
| COMPANY OF AMERICA, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This case arises from the insurance relationship between Plaintiff Tamica Shaw and Defendant The Prudential Insurance Company of America ("Prudential"). Under the parties' insurance agreement, Plaintiff seeks to collect on an accidental death and dismemberment policy purchased from Defendant, after the death of her husband, Carl Shaw. The current action originated in state court and was removed to this Court by the Defendant on September 2, 2010 (Doc. 1). On March 21, 2011, the Court denied Plaintiff's motion to remand, holding that it had federal question jurisdiction pursuant to the Employee Retirement Income Security Act ("ERISA").

Pending before the Court are the following motions: Defendant's "Objection to Plaintiff's Notice of Deposition or in the Alternative Motion for Protective Order" (Doc. 48); Plaintiff's "Motion for Extension of Time to Complete Discovery" (Doc. 62); Defendant's "Motion to Extend Deadline for Filing Dispositive Motions" (Doc. 72); Plaintiff's "Motion to Strike" (Doc. 51); Defendant's "Motion for Partial Summary Judgment" (Doc. 55); Plaintiff's "Motion to Strike Defendant's Motion for Partial Summary Judgment and Suggestions in Support, and to

Dismiss" (71); Plaintiff's "Motion to Dismiss, or for an Extension of Time to Respond to, Defendant's Motion for Partial Summary Judgment" (Doc. 70); and Defendant's "Motion to Strike Jury Trial" (Doc. 57). Having fully considered all motions and each party's response and reply to them, the Court enters the following orders.

## Background

On March 4, 2006, Plaintiff's husband, Charles Shaw, was killed in an automobile accident in Springfield, Missouri. Subsequently, Plaintiff made a claim for accidental death and dismemberment insurance ("AD&D") through Prudential. Prudential found that that the decedent exceeded the blood alcohol level to legally operate a motor vehicle under Missouri state law and that the decedent was driving with a suspended license at the time of the accident. It thereafter denied Plaintiff's claim. On July 27, 2010, Plaintiff filed suit against Defendant in the Circuit Court of Greene County, Missouri, alleging breach of her AD&D policy and seeking damages of at least $655,000. Prudential removed the action to this Court on September 2, 2010, alleging ERISA pre-emption, federal question jurisdiction, and diversity jurisdiction.

**A. The Court grants Defendant's "Objection to Plaintiff's Notice of Deposition."**

Defendant's first motion objects to Plaintiff's "Notice of Deposition" seeking to command the appearance of Ms. Victoria Angle, a Prudential employee, for deposition in Springfield, Missouri. On June 15, 2011, Plaintiff filed an Amended Notice of Deposition ("Notice") with the Court to compel Ms. Angle to participate in a deposition in Springfield, Missouri on June 30, 2011; Plaintiff did not issue a subpoena in connection with this notice. Defendant subsequently objected to producing Ms. Angle, arguing that the Notice was not proper under Federal Rule of Civil Procedure 30(b)(6). On June 28, 2011, Plaintiff's counsel advised

Defendant that it intended to proceed with Ms. Angle's deposition, and Defendant again objected.

Defendant argues that Plaintiff's Notice was not a valid means by which to compel the attendance of Ms. Angle in Springfield, Missouri for a deposition. First, Defendant argues that the Notice was improper under Fed. R. Civ. P. 30(b)(6) because Plaintiff undertook to name a specific corporate representative for Defendant. In the alternative, if Plaintiff sought to depose Ms. Angle in her individual capacity, Defendant argues that the Notice was deficient because Ms. Angle is not a named party to the litigation and she lived more than 100 miles from the Court, therefore preventing a party from compelling her attendance by way of a deposition notice.

The Court finds Plaintiff's current Notice insufficient to compel Ms. Angle for a deposition. Ms. Angle may be properly deposed only if she is a party to the lawsuit, is the corporate representative of a party to the lawsuit, or if she is subpoenaed. Fed. R. Civ. P. 30(a)(1) ("A party may, by oral questions, depose any person including a party, without leave of court except as provided in Rule 30(a)(2). The deponent's attendance may be compelled by subpoena under Rule 45."). Ms. Angle is not a party to the lawsuit, she is not the designated corporate representative of Prudential, and she has not been properly subpoenaed, therefore, she cannot be deposed at this time.

Ms. Angle is clearly not a party to the lawsuit. Plaintiff argues, however, that she is the proper person to be deposed on behalf of Defendant Prudential. The Court is not clear under which Federal Rule of Civil Procedure Plaintiff seeks to compel Ms. Angle's deposition. Under Rule 30(b)(6), a party may designate a corporation to be deposed; the corporation then selects employee(s) to testify on its behalf. Plaintiff asserts that Ms. Angle is Prudential's designated

corporate representative because she handles claims for Prudential, authored the letters denying Plaintiff's claims, and answered Plaintiff's first set of interrogatories on behalf of Defendant (Doc. 61). However, Plaintiff has not officially requested that Defendant produce a corporate representative, and Defendant has yet to officially designate one.

Defendant's final argument objecting to producing Ms. Angle for discovery is that Plaintiff's claims are subject to ERISA, and, therefore, merits-based discovery as described in the Notice is not permissible. The Court declines to rule on this issue at this time. If the Court determines that the case is not subject to ERISA, Plaintiff may be permitted to conduct additional discovery.

**B. Defendant's "Motion to Extend Deadline for Filing Dispositive Motions" is granted.**

Defendant requests that the Court extend the deadline for filing further dispositive motions until the Court has ruled on Defendant's motion for partial summary judgment. The Defendant argues that it intends to file a dispositive motion seeking summary judgment on the merits of Plaintiff's insurance benefits claims but cannot do so without knowing whether ERISA applies and controls. Because Defendant's dispositive briefing depends on which law applies, the Court grants Defendant's motion to extend the deadline so as to not inundate the Court with unnecessary and repetitive motions. Both parties shall have thirty days after the Court's ruling on Defendant's partial summary judgment motion to submit any final dispositive motions.

**C. Plaintiff's "Motion to Strike" is denied.**

Plaintiff also requests that the Court strike various factual averments and defenses asserted by Prudential in its answer to Plaintiff's Amended Complaint because Defendant allegedly did not assert them in response to Plaintiff's original complaint. Courts have "broad discretion" in determining whether to strike a party's pleadings. *Stanbury Law Firm v. I.R.S.*,

221 F.3d 1059, 1063 (8th Cir. 2000). However, striking a party's pleadings under Fed. R. Civ. P. 12(f) is an "extreme measure," and courts generally view motions to strike with disfavor, only infrequently granting them. *Id*. A motion to strike will not be granted if "the insufficiency of the defense is not clearly apparent, or if it raises factual issues that should be determined on a hearing on the merits." *Kuhlmeier v. Hazelwood Sch. Dist.*, 578 F. Supp. 1286, 1295 (E.D. Mo. 1984).

First, Plaintiff argues that Defendant's response to Count 1, Paragraph 9 of the Amended Complaint—that Mr. Shaw was driving under a suspended license and while intoxicated—is an affirmative defense that must be stricken because it was not asserted in Prudential's original Complaint. The Court disagrees. Fed. R. Civ. P. 12(h)(1) provides that only those defenses identified in Rule 12(b)(2) through (5) are affirmative defenses subject to waiver. These include lack of personal jurisdiction, improper venue, insufficient process, and insufficient service of process. *Id*. Whether an event is excluded from plan coverage is not an affirmative defense under the Federal Rules. Even if the averment was an affirmative defense, Plaintiff cannot argue that Defendant waived the right to assert this when it was in response to newly presented allegations in an amended complaint.

Plaintiff also argues that Defendant's response is irrelevant and unsupported by evidence. The Federal Rules, however, require only that "in responding to a pleading a party must . . . state in short and plain terms its defenses to each claim asserted against it; and . . . admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(a), (b). There is no requirement that every factual averment be supported with documentary evidence. In addition, the Court fails to see how the reasoning behind denying Plaintiff's claim for coverage is irrelevant.

5

Plaintiff next argues that Prudential's Third Defense, including Answers to Count I ¶¶ 24, 25, and 26 of the Amended Complaint, should be stricken because it is an insufficient defense. Specifically, Plaintiff notes that the Court previously struck this defense in response to Plaintiff's prior motion to strike (Doc. 38). As noted in that prior order, the Defendant's defense implicates the pleading guidelines described in *Ashcroft v. Iqbal*. 129 S. Ct. 1937 (2009).

> While Rule 8 still contemplates a notice pleading system—rather than fact pleading—*Iqbal* requires plaintiffs state "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 1949 (internal quotations omitted). While this does not mean that plaintiffs must show at the outset that they can meet a probability standard, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* *Iqbal* does not answer the question of whether this pleading standard extends to affirmative defenses, nor has the Court been able to find any clear statement on this issue from any Court of Appeals. However, the majority of district courts that have considered this question have determined that it makes sense to apply the *Iqbal* standards to affirmative defenses. *See, e.g., Hayne v. Green Ford Sales, Inc.,* 263 F.R.D. 647, 650 (D. Kan. Dec. 22, 2009) (noting that because the issue is "notice to the opposing party" there is no good reason "to find that a heightened pleading standard applies to claims but not to affirmative defenses"). Courts that have dissented from the majority view have noted that affirmative defenses are pled under Rule 8(c), which was not at issue in *Iqbal*, and that plaintiffs have an indefinite amount of time of draft their complaints, whereas an answer must be filed within 21 days. *See, e.g., Lane v. Page,* -- F. Supp. 2d --, 2011 WL 693176 at *7-8 (D. N.M. Jan 14, 2011). The Court finds the majority view more persuasive, and therefore must consider whether the defenses at issue comply with *Iqbal*.

(Doc. 38, p. 4-5).

The Court then gave Defendant an opportunity to amend its defenses to comply with *Iqbal*. Here, the Court finds that the Defendant properly supported its Third Defense, that under ERISA the court's review is generally limited to the administrative record, with specific and precise averments that meet the *Iqbal* requirements.

6
Case 6:10-cv-03355-DGK   Document 85   Filed 11/28/11   Page 6 of 10

Finally, Plaintiff moves to strike Prudential's First, Second, and Fourth defense on the basis that they "allege conclusions and do not make a short and plain statement of the facts" (Doc. 51). Plaintiff has already asked the Court to strike these very same defenses in Prudential's Answer to the original Complaint, and the Court denied. Plaintiff has not moved for the Court to reconsider is March 21, 2011 Order denying Plaintiff's motion to strike these identical defenses, and it declines to do so here. Accordingly, Plaintiff's motion to strike is denied.

**D. The Court denies Plaintiff's "Motion to Dismiss Defendant's Motion for Partial Summary Judgment" but grants Plaintiff additional time to respond to Defendant's motion.**

Finally, in response to Defendant's "Motion for Partial Summary Judgment," Plaintiff filed a "Motion to Dismiss, or for Extension of Time to Respond to, Defendant's Motion for Partial Summary Judgment" (Doc. 70) and a "Motion to Strike Defendant's Motion for Partial Summary Judgment and Suggestions in Support, and to Dismiss" (Doc. 71). Plaintiff argues that information in Defendant's "Motion to for Partial Summary Judgment" should be stricken because it has numerous defects that render it such that "Plaintiff cannot properly respond to it."

The Court disagrees, finding that Defendant's "Motion for Partial Summary Judgment" provides adequate and sufficient grounds upon which Plaintiff can respond. A party may move "at any time" for full or partial summary judgment where the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (b). In fact, "Rule 56[] does not require the completion of all discovery before a court may enter summary judgment*." Roark v. City of Hazen, Ark.*, 189 F.3d 758, 762 (8th Cir. 1999). "A party opposing a summary judgment order motion [may] seek

7
Case 6:10-cv-03355-DGK   Document 85   Filed 11/28/11   Page 7 of 10

additional discovery [under Rule 56(d)], but only upon a showing of facts that the party expects to uncover." *Bradford v. DANA Corp.*, 249 F.3d 807, 810 (8th Cir. 2001). To seek additional discovery under Rule 56, the non-movant must "what specific facts further discovery might unveil." *United States ex rel. Bernard v. Casino Magic Corp.*, 293 F.3d 419, 426 (8th Cir. 2002) (quoting *Stanback v. Best Diversified Prods., Inc*., 180 F.3d 903, 911 (8th Cir. 1999)).

Here, Plaintiff has failed to show what additional facts it needs to raise a genuine issue of material fact regarding whether the plan is governed by ERISA. In fact, Plaintiff's discovery motion seeking additional information seeks not to *determine* whether the plan is governed by ERISA but rather *hinges on* whether the plan is ERISA-governed. In addition, many of the other issues in this case depend on whether the case is governed by ERISA. Therefore, it is imperative that the Court resolve this issue as soon as practicable, without the delay of unnecessary discovery.

Plaintiff's motion goes on to state that "Defendant's Motion does not state facts which show it is entitled to judgment as a matter of law" and that the record "shows a genuine dispute of material fact and indicates that this particular insurance policy is outside of any "plan" (Doc. 71). This assertion, however, is properly maintained in a Response to Defendant's "Motion for Partial Summary Judgment," which Plaintiff has yet to file. If Plaintiff wishes to disagree with the assertions made in Defendant's motion, she should do so by filing her reply. The Court also finds no reason to strike language from Defendant's Motion as requested by Plaintiff. If Plaintiff wishes to make substantive arguments challenging the factual or legal basis for Defendant's "Motion for Partial Summary Judgment," she should also include that in her response. Accordingly, the Court orders Plaintiff to respond to Defendant's "Motion for Partial Summary Judgment" on or before December 15, 2011.

**E. The Court will rule on Defendant's "Motion to Strike Jury Trial" after it rules on Defendant's "Motion for Partial Summary Judgment."**

Prudential requests that the Court strike Plaintiff's demand for a jury trial because it argues that Plaintiff's sole claim is for benefits under ERISA, which provides no right for jury trials. *See Langlie v. Onan Corp.*, 192 F.3d 1137, 1141 (8th Cir. 1999) (holding that "there is no right to a jury trial under ERISA"). The Court refrains from making a decision about whether this case is governed by ERISA until the parties have fully briefed the issue. The Court will rule on Defendant's "Motion to Strike Jury Trial" at that time.

**Conclusion**

For the foregoing reasons, the Court enters the following orders: Defendant's "Objection to Plaintiff's Notice of Deposition" (Doc. 48) is granted and Plaintiff's "Motion for Extension of Time to Complete Discovery" (Doc. 62) is denied. Discovery shall not be extended until further notice of the Court. The Court also denies Plaintiff's "Motion to Strike," (Doc. 51) and Plaintiff's "Motion to Dismiss Defendant's Motion for Partial Summary Judgment" (Doc. 70) but allows Plaintiff additional time to respond to Defendant's "Motion for Partial Summary Judgment." Finally, the Court extends the deadline for the filing of dispositive motions. The parties shall have up to thirty dates after the Court's entry of an order on Defendant's "Motion for Partial Summary Judgment" to enter dispositive motions.

Finally, the Court notes that the multitude of filings in this case have created unnecessary complication for all parties. Going forward, the Court encourages the parties to work together to

resolve these disputes without judicial intervention in the interest of efficiency and preservation of the Court's and the parties' time and resources.

**IT IS SO ORDERED.**

Date:  November 28, 2011                      /s/ Greg Kays
                                              GREG KAYS, JUDGE
                                              UNITED STATES DISTRICT COURT