IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| TAMICA SHAW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10-3355-S-CV-DGK |
| | ) | |
| THE PRUDENTIAL INSURANCE | ) | |
| COMPANY OF AMERICA, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

This case arises from Plaintiff Tamica Shaw's claim for benefits and statutory penalties under an accidental death and dismemberment policy ("AD&D policy") purchased from Defendant The Prudential Insurance Company of America ("Prudential") after her husband, Charles Shaw, was killed in an automobile accident. On August 9, 2012, this Court granted summary judgment for the Defendant (Doc. 102). Now pending before the Court is Plaintiff's Motion for New Trial, Rehearing, Reconsideration, or to Alter or Amend (Doc. 104). Having fully considered this motion, along with Docs. 105, 108, and 109, the Court DENIES Plaintiff's motion.

First, Plaintiff argues that "the Court did not consider material Plaintiff submitted to Prudential before suit was filed which Prudential placed in its authenticated Administrative Record and filed with the Court" (Doc. 105, p. 1). Because the Court's role in granting summary judgment was to review whether Prudential's September 28, 2007 decision denying Plaintiff AD&D benefits was arbitrary and capricious, the Court based its decision on the materials in the

1

administrative record before Prudential at that time.[1] Accordingly, the Court will not reconsider Plaintiff's arguments on these grounds.

Second, Plaintiff reasserts an argument the Court previously rejected, maintaining that the proper standard of review of Prudential's decision is *de novo* because the AD&D policy does not grant discretion to Prudential. Having fully considered this argument in its August 9, 2012 order (Doc. 102, p. 4-9), the Court denies Plaintiff's request at this time.

Plaintiff's third argument is that the Court failed to allow discovery regarding certain medical procedures. Because the Court's role was to review the information before Prudential at the time its decision to deny benefits was made, *Jones v. ReliaStar Life Ins*. Co., 615 F.3d 941 (8th Cir. 2010), the Court did not err in refusing to permit discovery on these grounds, and this argument is without merit.

Plaintiff's fourth argument is that the Court failed to consider whether Mr. Shaw's death "resulted from" an accident that occurred while operating a motor vehicle involving the illegal use of alcohol. In its initial order denying summary of judgment, however, the Court determined that the AD&D policy language applied to Mr. Shaw's accident. Accordingly, the Court finds Plaintiff's contention without merit.

Plaintiff's final arguments are that the Court did not analyze Prudential's conflict of interest or consider whether Prudential committed serious procedural irregularities and breached its fiduciary duty in rendering its decision. The Court finds that any potential conflict of interest arising from Prudential's obligation to pay $6,000,000 to Plaintiff did not influence or otherwise override the other factors Prudential considered in denying Plaintiff benefits, and, as such, did

---

[1] The Court's reference to "D00282" in its previous order is stricken. All other references and conclusions remain the same.

not cause Prudential to abuse its discretion. *See Chronister v. Unum Life Ins. Co. of Am.*, 563 F.3d 773, 775 (8th Cir. 2009) (citing *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 117 (2008) ("The conflict of interest . . . should prove more important . . . where circumstances suggest a higher likelihood that it affected the benefits decision.")). While Plaintiff notes that this potential financial obligation "could motivate Prudential to conceal, not obtain or disregard adverse records from its own doctor, the lab and the police, and otherwise engage in serious procedural irregularities and breach of its fiduciary duties," the Court finds no evidence that occurred here. Furthermore, the Court finds Plaintiff's claims regarding Prudential's procedural irregularities without merit.

The Court fully and fairly considered Plaintiff's motion for summary judgment in its August 9, 2012 order. Having set forth no valid reasons why this Court's previous order is invalid, Plaintiff's motion for new trial, rehearing, reconsideration, or to alter or amend is DENIED.

**IT IS SO ORDERED.**

Date: January 2, 2013                               /s/ Greg Kays
                                                    GREG KAYS, JUDGE
                                                    UNITED STATES DISTRICT COURT